FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 0 2 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

UNITED STATES OF AMERICA,

                Plaintiff,

          - against -

LUIS GARCIA-CORNIEL,

              Defendant.

------------------------------------------------------------ X

**MEMORANDUM
DECISION AND ORDER**

11 Cr. 0144 (BMC)

**COGAN,** District Judge.

On October 5, 2011, this Court sentenced Luis Garcia-Corniel to 24 months of imprisonment followed by three years of supervised release. In a *pro-se* letter to this Court dated October 24, 2011, Garcia-Corniel requests a modification of his sentence based on his assertion that I should have reduced his sentence based on his family obligations.

Garcia-Corniel did not bring this motion pursuant to any particular rule or statute. However, because a motion to amend his sentence would be time-barred if brought pursuant to Fed. R. Crim. P. 35, the only available procedure for the relief sought is 28 U.S.C. § 2255. See Jiminian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001). Section 2255 provides that a defendant may collaterally attack his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

Liberally construed, the Court would normally treat Garcia-Corniel's motion as a petition for a writ of habeas corpus under § 2255. However, the Second Circuit has cautioned district courts against converting mislabeled applications in light of the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA") § 106, 28 U.S.C. § 2244, which prohibits second or

successive habeas petitions without the Circuit Court's permission. See Adams v. United States,

155 F.3d 582 (2d Cir. 1998) (per curiam). The Adams Court ruled that "a motion purportedly

made under some other rule" should not be

> recharacterize[d] . . . as a motion made under § 2255 unless (a) the movant, with
> knowledge of the potential adverse consequences of such recharacterization,
> agrees to have the motion recharacterized, or (b) the court finds that,
> notwithstanding its designation, the motion should be considered as made under §
> 2255 because of the nature of the relief sought, and offers the movant the
> opportunity to withdraw the motion rather than have it so recharacterized.

Id. at 584; accord Castro v. United States, 540 U.S. 375, 383 (2003) (setting forth limitations on

recharacterization of a first § 2255 motion).

Accordingly, Garcia-Corniel is hereby notified that the Court finds that his motion should

be construed as a habeas petition under 28 U.S.C. § 2255. This recharacterization means that

any subsequent § 2255 motion will be subject to the restrictions on "second or successive"

petitions.[1]

Garcia-Corniel may withdraw his motion if he does not wish to pursue relief under §

2255, or he may amend his motion to explain all grounds for relief under § 2255. Should Garcia-

Corniel choose to withdraw or amend the motion, he must notify the Court in writing within 21

days. Before Garcia-Corniel decides to withdraw the motion, the Court advises him that any

motion under § 2255 must be filed within the one-year statute of limitation period set forth

below.[2]

---

[1] A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

[2] A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to

No answer shall be required at this time. If petitioner fails to notify the Court within 21 days that he wishes to withdraw or amend his motion, it will be adjudicated under § 2255. The Clerk of the Court is directed to mail a copy of this Memorandum Decision and Order to petitioner.

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/

_____
/U.S.D.J.

Dated: Brooklyn, New York
November 2, 2011

---

making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).